ANNIE SULLIVAN, Landlord, v. WILLIAM DORE, Tenant.

Municipal Court of New York, Borough of Manhattan, Tenth District, July 26, 1934.

*Joseph P. Dyer*, for the landlord.

*Benjamin Herdes*, for the tenant.

LEWIS (DAVID C.), J. In the determination of this traverse the court is prompted to again invite attention to the matter of the service of the precept and petition in summary proceedings. Under the law, proper service and the proof of proper service goes to the very life of the proceedings. Error at this stage may constitute fatal and incurable defect. The statute has explicitly prescribed the methods of serving the precept together with a copy of the petition, and the proof of service required.

From time to time an examination of the proof, particularly in instances of business property, discloses serious omissions. And aside from these defects that may be attributed to carelessness, the question is not invariably raised as to the identity of the person served.

In innumerable instances, the service of these papers is left in the hands of unofficial persons, who may have neither experience nor education, and who are totally unfamiliar with what the law requires. Such persons, of course, are not officially responsible for mistakes or misstatements.

The case before me is an instance of how vital it is that the service of the papers should be in the hands of one fully mindful of the law's requirements and individually responsible.

This subject is of as much importance to the landlord as it is to the tenant. It would seem, therefore, that there ought to be some definite action taken with a view to providing official agency for this important function; and which undoubtedly could be extended to cover all process. As a consequence, we would not only save time, but safeguard the rights and interest of all involved.

Traverse sustained.